J. MALIGE, Appellant, v. THOMAS D. BARTON, Respondent.

[253 Pac. 132.]

WATERS AND WATER RIGHTS—ACTION TO QUIET TITLE—EVIDENCE.

Judgment for defendant, in action to quiet title to waters, will be affirmed, there being sufficient competent evidence to sustain the findings that the water was developed by defendant by burrowing into a mountain, and that prior thereto such water had never reached plaintiff's diversion works, and that its development and application by defendant did not diminish the flow of water theretofore received by plaintiff.

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County. Hon. Miles S. Johnson, Judge.

Action to quiet title to water right. Judgment for defendant. *Affirmed.*

Benjamin F. Tweedy, for Appellant.

"In an action to quiet title to water rights, where the issue joined is one of priority, the court should find the

Publisher's Note.

See 2 R. C. L. 206.

See Appeal and Error, 4 C. J., sec. 2869, p. 898, n. 92.

actual appropriation made by each appropriator, giving the time the appropriation was made, the quantity of water appropriated and the date of its application to a beneficial use. Otherwise it is impossible for this court to determine whether a proper decree has been entered. The fact that the findings are deficient in this respect necessitates a reversal of the case." (*Sarret v. Hunter*, 32 Ida. 536, 185 Pac. 1072.)

Fred E. Butler and Edward C. Butler, for Respondent.

Where the findings of a trial court in an action involving priority rights to the use of water have ample support in the evidence, so far as material to the decree entered, the decree will not be disturbed, although the evidence is conflicting. (*Pence v. Shivers*, 40 Ida. 181, 232 Pac. 568; *Jain v. Priest*, 30 Ida. 273, 164 Pac. 364.)

BUDGE, J.—This is an action to quiet title to the right to the use of the waters of a certain spring adjoining what is referred to in the record as Spring Ravine. The cause was tried to the court and a jury, the jury sitting in an advisory capacity except upon the question of damages. Upon special interrogatories submitted to it the jury found adversely to the contentions of appellant, and the court made its findings, conclusions and decree awarding to respondent the right to the use of the waters in controversy. This appeal is from the judgment.

We have carefully examined the entire record and have reached the conclusion that there is no necessity to discuss or pass upon errors assigned other than on one point which, to our minds, is decisive of the case. Among other things it appears that respondent developed a small spring adjacent to Spring Ravine, referred to as a fork of Soldiers' Canyon Creek, by burrowing into a mountain, and obtained therefrom a small body of water which was conducted into a reservoir by means of a pipe-line and conveyed for some distance leading to the village of Lapwai where it was emptied into another reservoir from which it was distributed

to the inhabitants of the village and used by them for domestic and other purposes, having been put to such use for a period covering a number of years before the present action was filed.

There is sufficient competent evidence in the record to sustain the court's finding that the water awarded to respondent was developed by him, and that prior to the development of such water the same never reached the diversion works of appellant and had not been applied by him to a beneficial use. There is also sufficient competent evidence to show that the development of the water by respondent and its application to the use hereinbefore stated did not diminish the flow of water theretofore received by appellant, since he established no prior right in himself to the use of the water developed by respondent; therefore no damage could have been suffered by him, as alleged in the complaint.

From what has been said it follows that the judgment of the trial court is affirmed. Costs awarded to respondent.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.

Petition for rehearing denied.